Nanshi Ignacio, Pro se,
9000 S. Las Vegas Blvd., #1265,
Las Vegas, Nevada 89123
(858) 566-5489

ENTERED
COUNSEL/PARTIES OF RECORD

2008 JUN -2 P 2: 24

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NANSHI IGNACIO, ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> CITIMORTGAGE, ) <br> Defendant. ) <br> ) <br> _____ ) | **2:08-cv-00711-JCM-RJJ** <br><br> **VERIFIED COMPLAINT** <br> **AND EMERGENCY MOTION FOR** <br> **EX PARTE TEMPORARY** <br> **RESTRAINING ORDER** |

VERIFIED COMPLAINT

AND EMERGENCY MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER

COMES NOW the Plaintiff, NANSHI IGNACIO, pro-se, and sues Defendant CITIMORTGAGE., and as grounds therefore would state as follows:

PRELIMINARY STATEMENT

1.

This Complaint is filed under the Truth in Lending Act, 15 U.S.C. section 1601 hereinafter called the "Act") to enforce the plaintiff's right to rescind a consumer credit transaction, to void the Defendant's security interest in the Plaintiff's homes,

Nanshi Ignacio - Complaint & TRO · 5/29/2008 - 1

and to recover statutory damages, reasonable fees and cost by reason of the Defendant's violations of the Act and Regulation Z, 12 C.F.R. section 226 (hereinafter called "Regulation Z").

## JURISDICTION

2.

Jurisdiction is conferred on this Court by 15 U.S.C. section 1640 (e) and 28 U.S.C. sections 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. section 2201.

## PARTIES

3.

The Plaintiff, NANSHI IGNACIO, is natural person, and owner of property at 9000 S. Las Vegas Blvd., #1265, Las Vegas, Nevada 89123.

4.

Defendant CITIMORTGAGE., is a corporation organized and existing pursuant to the Laws of the state of Nevada, engaged in the business of mortgage financing at P.O.Box 6006, The Lakes, Nevada, 88901. The Defendant CITIMORTGAGE is also the duly appointed substitute trustee.

6.

At all times material hereto, the Defendant, in the ordinary course of its business, regularly extended, or offered to extend, consumer credit, for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

## FACTUAL ALLEGATIONS

7.

On or about January 09, 2007, Plaintiff entered into a consumer credit transaction ("the transaction") with Defendant in which the extended consumer credit was subject to a finance charge and which was initially payable to the Defendant.

8.

A true and correct copy of the credit agreement evidencing the transaction is attached hereto, marked as PLAINTIFF'S EXHIBIT A, and by reference is incorporated herein.

9.

As part of this consumer credit transaction, the Defendant retained a security interest in 9000 S. Las Vegas Blvd., #1265, Las Vegas, Nevada, 89123, which Plaintiff owns.

10.

The security interest was not created to finance the acquisition or initial construction of Plaintiff's home.

11.

A true and correct copy of the mortgage evidencing the Defendant's security interest is attached hereto, marked PLAINTIFF'S EXHIBIT B, and by reference is incorporated herein.

FIRST CAUSE OF ACTION

12.

This consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. section 1635 and Regulation Z, 12 C.F.R. section 226.23.

13.

In the course of the consumer credit transaction Defendants violated 15 U.S.C. Section 1635 (a) and Regulation Z section

226.23 (b) by failing to deliver to the Plaintiffs two copies of a notice of the right to rescind that:

   a. Identified the transaction.

   b. Clearly and conspicuously disclosed the security interest in the Plaintiff's home.

   c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

   d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose designating the address of Defendant's place of business.

   e. Clearly and conspicuously disclosed the effects of the transaction.

   f. Clearly and conspicuously disclosed the date the rescission period expired.

14.

The disclosure statement issued in conjunction with this consumer credit transaction, and attached as PLAINTIFF'S EXHIBIT C, violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

   a. By failing to include in the finance charge certain charges imposed by the Defendant payable by Plaintiff incident to the extension of credit as

required by 15 U.S.C. section 1605 and Regulation Z, section 226.4, thus improperly disclosing the finance charge in violation of 15 USC section 1638 (a) (3) and Regulation Z section 226.18 (d). Such amounts include, but are not limited to

   i.   The broker fee.
   ii.  The credit report fee, which is not a bona fide and reasonable fee.
   iii. The recording fees in excess of the actual recording fee which are therefore not a "bona fide and reasonable" fee.
   iv.  The settlement or Closing fee.

b. By improperly including certain charges, in the amount financed, which are finance charges, including but not limited to those itemized in Paragraph 12 (a) herein, the Defendant improperly disclosed the amount financed in violation of 15 U.S.C. section 1638 (a) (2) and Regulation Z, section 226.18 (b); and

c. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C.

section 1606, Regulation Z, section 226.22, the Defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. section 1638 (a) (4) and Regulation Z, section 226.18 (c).

15.

The disclosures improperly made by Defendants as itemized in paragraph 13 are material disclosures as defined in the Truth in Lending Act, 15 U.S.C. section 1602 (u), Regulation Z226.23 n. 48.

16.

The finance charge and APR were underdisclosed by more that the tolerance levels set forth in U.S.C. section 1635 (f).

17.

By reason of the material violations of 15 U.S.C. section 1638, Plaintiff has a right of rescission for three years from the date of consummation of the loan pursuant to U.S.C. (f).

18.

Plaintiff rescinded the transaction by sending to Defendants at their business address by mail a notice of rescission.

19.

More than 20 calendar days have passed and Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under this transaction, including the security interest describe as

required by 15 U.S.C. section 1635 (b) and Regulation Z section 226.23 (d) (2).

20.

The Defendant has failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including the Defendant, as required by 15 U.S.C. 1635 (b) and Regulation Z 226.23 (d) (2).

21.

As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. sections 1635 (a), 1640 (a), and 1641 (c), Defendant is liable to Plaintiff for:

a. Rescission of this transaction.

b. Termination of any security interest in Plaintiff's property created under the transaction

c. Return of any money or property given by the Plaintiff to anyone including the Defendant, in connection with this transaction.

d. Statutory damages for disclosure violations.

e. Statutory damages for failure to respond properly to Plaintiff's rescission notice.

f. Forefeiture of return of loan proceeds.

g. Actual damages in an account to be determined at trial.

h. Costs of this action.

PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case.

2. Declare the security interest in Plaintiff's home void.

3. Rescind the subject loan transaction.

4. Order Defendant to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such security interest void, including but not limited to the mortgage related to the subject transaction.

5. Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including Defendant, in connection with the transaction.

6. Enjoin Defendant, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of the property.

7. Award the Plaintiff statutory damages for the disclosure violation, in the amount of twice the finance charge in

connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. section 1640 (a).;

8. Award the Plaintiff statutory damages for Defendant's failure to respond properly to the Plaintiff's rescission notice, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. 1640 (a).

9. Order that, because of Defendant's failure to respond to the Plaintiff's notice of rescission, the Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiff's claims, and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

10.   Award actual damages in an amount to be established at trial;

11.   Award Plaintiff costs

12.   Award such other and further relief as the Court deems just and proper.

**VERIFICATION**

Plaintiff/Affiant declares that she has read the foregoing Verified Complaint and under penalty of perjury that the

foregoing facts and allegations as contained therein are true and correct.

*[signature]*
_____
Nanshi Ignacio, Plaintiff/Pro Se
9000 S. Las Vegas Blvd. #1265
Las Vegas, Nevada 89123

06-02-08
_____
Date

Nanshi Ignacio, Pro se,

# Exhibit A

**PLAINTIFFS EXHIBIT A.**

**ESTIMATED HUD 1 SETTLEMENT STATEMENT – LENDER NEVER PROVIDED THE FINAL HUD 1 SETTLEMENT STATEMENT -**

OMB Approval No. 2502-0265

| A. Settlement Statement | B. Type of Loan | |
|---|---|---|
| | 1-5. Loan Type Conv. Unins. | |
| **Pacific Title, a division of First American Title Insurance Company**<br>**Estimated Statement** | 6. File Number 3378 | |
| | 7. Loan Number 002004060703 | |
| | 8. Mortgage Insurance Case Number | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(POC)" were paid outside this closing, they are shown here for informational purposes and are not included in the totals.

D. Name of Borrower: Nanshi C. Ignacio
9000 SOUTH LAS VEGAS BOULEVARD, UNIT 1265, LAS VEGAS, NV 89123

E. Name of Seller:

F. Name of Lender: CITIMORTGAGE, INC
7887 E BELLEVIEW AVENUE #400
ENGLEWOOD, CO 80111

G. Property Location: 9000 SOUTH LAS VEGAS BOULEVARD, UNIT 1265, LAS VEGAS, NV 89123

H. Settlement Agent: Pacific Title, a division of First American Title Insurance Company
Address: 2355 Northside Drive, Suite 201, San Diego, CA 92108

Place of Settlement Address: 2355 Northside Drive, Suite 201, San Diego, CA 92108

I. Estimated Settlement Date:
Print Date: 01/09/2007, 4:19 PM
Disbursement Date:

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 8,271.66 | 403. Total Deposits | |
| 104. Supplemental Summary | 288,482.59 | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 120. Gross Amount Due From Borrower | 296,754.25 | 420. Gross Amount Due To Seller | |
| 200. Amounts Paid By Or in Behalf of Borrower | | 500. Reductions In Amount Due to Seller | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 311,250.00 | 502. Settlement charges (line 1400) | |
| 203. Existing loan(s) taken subject | | 503. Existing loan(s) taken subject | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 311,250.00 | 520. Total Reduction Amount Due Seller | |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross amount due from Borrower (line 120) | 296,754.25 | 601. Gross amount due to Seller (line 420) | |
| 302. Less amounts paid by/for Borrower (line 220) | 311,250.00 | 602. Less reductions in amounts due to Seller (line 520) | |
| 303. Cash ( From) (X To) Borrower | 14,495.75 | 603. | |

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be

* See Supplemental Page for details.                                                         File No. 3378

| L. Settlement Charges | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|
| 700. Total Sales/Broker's Commission based on price | | |
| Division of Commission (line 700) as follows | | |
| 701. | | |
| 702. | | |
| 703. Commission paid at Settlement | | |
| 704. | | |
| 800. Items Payable in Connection with Loan | | |
| 801. Loan Origination Fee | | |
| 802. Loan Discount | 350.00 | |
| 803. Appraisal Fee - Century Appraisals | | |
| 804. Credit Report | | |
| 805. Lender's Inspection Fee | | |
| 806. Mortgage Insurance Application Premium | | |
| 807. Assumption Fee | | |
| 808. Commitment Fee - CITIMORTGAGE,INC    POC $656.74 | 613.00 | |
| 809. Yield Spread Premium - MARICOPA MORTGAGE | 3,112.50 | |
| 810. Loan Origination Fee - MARICOPA MORTGAGE | 800.00 | |
| 811. Processing Fee - MARICOPA MORTGAGE | | |
| 812. | | |
| 813. | | |
| 814. | | |
| Supplemental Summary | | |
| 900. Items Required by Lender to be Paid in Advance | | |
| 901. Interest 01/10/07 to 02/01/07 @$55.430000/day - CITIMORTGAGE,INC | 1,219.46 | |
| 902. | | |
| 903. Hazard Insurance Premium for | | |
| 904. | | |
| 905. | | |
| Supplemental Summary | | |
| 1000. Reserves Deposited with Lender | | |
| 1001. Hazard Insurance | | |
| 1002. Mortgage Insurance | 407.50 | |
| 1003. City Property Taxes 0 mo(s) @$0.00/mo | | |
| 1004. County Property Taxes | | |
| 1005. Annual assessments | | |
| 1006. | | |
| 1007. | | |
| 1008. Aggregate Accounting Adjustment | | |
| 1100. Title Charges | | |
| 1101. Settlement or closing fee - Pacific Title, a division of First American Title Insurance Company | 450.00 | |
| 1102. Abstract or title search | | |
| 1103. Title examination - Pacific Title, a division of First American Title Insurance Company | 35.00 | |
| 1104. Title Insurance Binder | | |
| 1105. Document Fee - Pacific Title, a division of First American Title Insurance Company | 50.00 | |
| 1106. Notary Fee | | |
| 1107. Attorney Fee | | |
| (includes above item numbers: ) | | |
| 1108. Title Insurance -- See supplemental page for breakdown of individual fees and payees | 1,011.20 | |
| (includes above item numbers: ) | | |
| 1109. Lender's coverage $311,250.00 Premium: $1,011.20 | | |
| 1110. Owner's coverage $0.00 | | |
| 1111. Fed Ex/Overnight Delivery Fee - Pacific Title, a division of First American Title Insurance Company | 30.00 | |
| 1112. | | |
| 1113. | | |
| 1114. | | |
| 1115. | | |
| 1116. | | |
| 1117. | | |
| 1200. Government Recording and Transfer Charges | | |
| 1201. *Recording fees: Deed $43.00 Mortgage $0.00 Release $0.00 | 43.00 | |
| 1202. City/county tax/stamps: | | |
| 1203. State tax/stamps: | | |
| 1204. | | |
| 1205. | | |
| 1206. | | |
| 1300. Additional Settlement Charges | | |
| 1301. Survey to | | |
| 1302. Pest Inspection to | | |
| 1303. Loan Sign Up Fee to TBD | 150.00 | |
| 1304. | | |
| 1305. | | |
| 1306. | | |
| 1307. | | |
| 1308. | | |
| 1309. | | |
| 1310. | | |
| 1311. | | |
| 1312. | | |
| 1313. | | |
| 1314. | | |
| Supplemental Summary | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | 8,271.66 | |

| | File No. 3378 |
|---|---|
| Supplemental Page<br>HUD-1 Settlement Statement | |
| **Pacific Title, a division of First American Title Insurance Company**<br>Estimated Statement | Loan No. 002004060703 |
| | Settlement Date: |

Borrower Name & Address: Nanshi C. Ignacio
9000 SOUTH LAS VEGAS BOULEVARD, UNIT 1265, LAS VEGAS, NV 89123

Seller Name & Address:

| Section L. Settlement Charges continued | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 1108. Supplemental Summary | 1,011.20 | | |
| a) Lender's Policy - Pacific Title, a division of First American Title Insurance Company | | 1,011.20 | |
| 1201. Supplemental Summary | 43.00 | | |
| a) Record Trust Deed - 1 - Pacific Title, a division of First American Title Insurance Company | | 43.00 | |

| Section J. Summary of Borrower's Transaction continue | | Borrower Charges | Borrower Credits |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | | |
| 104. Supplemental Summary | 230,095.53 | | |
| a) Principal Balance - ASC X2501-01Z | | 227,354.15 | |
| Interest on Payoff Loan @$0.000000/day | | 2,717.38 | |
| Statement/Forwarding Fee | | 10.00 | |
| Recording Fee | | 14.00 | |
| 104. Supplemental Summary | 58,029.72 | | |
| b) Principal Balance - ASC X2501-01Z | | 57,095.70 | |
| Interest on Payoff Loan @$0.000000/day | | 910.02 | |
| Statement/Forwarding Fee | | 10.00 | |
| Recording Fee | | 14.00 | |
| 104. Supplemental Summary | 357.34 | | |
| c) 2006/2007 3rd Tax Installment: Amount to Clark County Tax Collector | | 357.34 | |
| 200. Amounts Paid By Or In Behalf of Borrower | | | |

The following Section is restated from the Settlement Statement Page 1

| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
|---|---|---|---|
| 301. Gross amount due from Borrower (line 120) | 296,754.25 | 601. Gross Amount due to Seller (line 420) | |
| 302. Less amounts paid by/for Borrower (line 220) | 311,250.00 | 601. Less reductions in amounts due to Seller (line 520) | |
| 303. Cash ( From) (X To) Borrower | 14,495.75 | 603. | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and distributions made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

BUYER(S):

_____
Nanshi C. Ignacio


Pacific Title, a division of First American Title
Insurance Company

By_____
Ida Lopez

# Exhibit B

## PLAINTIFFS EXHIBIT B

## UNRECORDED COPY OF THE DEED OF TRUST – A COPY OF THE RECORDED DEED OF TRUST WAS NEVER SENT TO ME.

Assessor's Parcel Number:

Return To:
CitiMortgage, Inc.
Attn: Document Processing
P.O. Box 790021
St. Louis, MO  63179-0021

Prepared By:
CitiMortgage, Inc.
7887 E. Belleview Ave.
Suite 400
Englewood, CO  80111

Recording Requested By:
CitiMortgage, Inc.
7887 E. Belleview Ave.
Suite 400
Englewood, CO  80111

―――――――――――――― [Space Above This Line For Recording Data] ――――――――――
# DEED OF TRUST   MIN 100011520040607030

DEFINITIONS
Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.
(A) "Security Instrument" means this document, which is dated January 9, 2007
together with all Riders to this document.
(B) "Borrower" is  Nanshi C Ignacio, An Unmarried Woman

Borrower is the trustor under this Security Instrument.
(C) "Lender" is CitiMortgage, Inc.

002004060703

NEVADA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3029  1/01
WITH MERS
VMP®-6A(NV) (0510)
Page 1 of 15              Initials: _____

VMP Mortgage Solutions, Inc.

CitiMortgage 3.2.6.20 V6

Lender is a Corporation
organized and existing under the laws of New York
Lender's address is 1000 Technology Drive, O' Fallon, MO  63368-2240

(D) "Trustee" is First American Title Company

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. **(888) 679-MERS**.
(F) "Note" means the promissory note signed by Borrower and dated January 9, 2007
The Note states that Borrower owes Lender Three Hundred Eleven Thousand Two Hundred Fifty
Dollars
(U.S. $ 311,250.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than February 1, 2037
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| ☐ Adjustable Rate Rider | ☒ Condominium Rider | ☒ Second Home Rider |
|---|---|---|
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

Other(s):

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
002004060703

Initials:_____

VMP®-6A(NV) (0510)              Page 2 of 15              Form 3029  1/01
CitiMortgage 3.2.6.20 V6



time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County       [Type of Recording Jurisdiction]
of  Clark       [Name of Recording Jurisdiction]:
SEE ATTACHED EXHIBIT "A" HERETO AND MADE A PART THEREOF

Parcel ID Number:                                                      which currently has the address of
9000 S LAS VEGAS BLVD #1265                                            [Street]
LAS VEGAS                                             [City], Nevada 89123-3367    [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

002004060703

Initials:_____

VMP-6A(NV) (0510)                    Page 3 of 15                        Form 3029 1/01
                                                                         CitiMortgage 3.2.6.20 V6

# Exhibit C

**PLAINTIFFS EXHIBIT C**

**TRUTH IN LENDING AND REGULATION Z**

*Never received a copy of Truth and Lending*